## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JILL FLYNN**<br>**4830 Spring Road**<br>**Apt. 5**<br>**Verona, NY 13478**<br>**Plaintiff** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. O** |

JILL FLYNN
4830 Spring Road
Apt. 5
Verona, NY 13478
                              Plaintiff

        v.

OMNI HOTELS MANAGEMENT
CORP. doing business as
OMNI HOTELS & RESORTS
To be served on:
Corporation Service Company
1090 Vermont Avenue NW
Washington, D.C. 20005

        and

MARK ROCHE-GARLAND
5437 Chevy Chase Parkway, NW
Washington, D.C. 20015
                              Defendants

Civil Action No. O

---

## COMPLAINT

Now comes Plaintiff, Jill Flynn, by and through her undersigned lawyers, and states as follows for her Complaint against Defendants, Omni Hotels Management Corp. ("Omni" or "Omni Hotels and Resorts") and Mark Roche-Garland ("Roche-Garland").

In summary, Defendants paid Plaintiff less than her male counterparts, constructively terminated Plaintiff from her position as Director of Sales and Marketing at the Omni Shoreham Hotel in Washington, D.C., and replaced her with a man, because of Plaintiff's sex (female) and shortly after Plaintiff complained about Omni's discriminatory pay policies. The disparate pay

and constructive termination violated the District of Columbia Human Rights Act and the Equal Pay Act.

# I. <u>JURISDICTION AND PARTIES</u>

1.  This lawsuit is brought pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1402.11 (Prohibiting Discrimination), D.C. Code § 2-1402.61 (prohibiting retaliation), D.C. Code § 2-1403.16 (Private Cause of Action) and the Equal Pay Act, 29 U.S.C. § 206, 29 U.S.C. § 215(a)(3) and 29 U.S.C. 255(a), because Defendant paid Plaintiff less than her male counterparts for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, and then constructively terminated Plaintiff because Plaintiff is a woman and/or in retaliation for her complaint about discrimination against her.

2.  This Court has original jurisdiction under 28 U.S.C. § 1331 (subject matter jurisdiction) over Plaintiff's Equal Pay Act claim, because that Act is a law of the United States.  Additionally, this Court has supplemental jurisdiction over Plaintiff's D.C. Human Rights Act (DCHRA) claims under 28 U.S.C. 1367 (Supplemental Jurisdiction) because the Equal Pay Act and DCHRA claims form part of the same case or controversy under Article III of the U.S. Constitution.

3.  Plaintiff is a resident of New York.  At all relevant times to this complaint, Ms. Flynn was employed as the Director Sales and Marketing at the Omni Shoreham (Omni Shoreham) Hotel in Washington, D.C.

4.  Defendant Omni Hotels Management Corp., doing business as Omni Hotels and Resorts, is a Delaware Corporation which is registered as a foreign corporation in the District of Columbia.

5.   Defendant Omni Hotels & Resorts owns and operates hotels across the United States and has its principal place of business in Dallas Texas.  The largest concentration of Omni Hotels (14 hotels) is in the State of Texas.

6.   Defendant Omni Hotels & Resorts owns and operates the Omni Shoreham Hotel in Washington, D.C. at all times relevant to this Complaint and was Plaintiff's employer as defined under the D.C. Human Rights Act.

7.   At all times relevant to this complaint, Defendant Mark Roche-Garland was the General Manager of the Omni Shoreham Hotel in Washington D.C. and was Plaintiff's supervisor as defined by the D.C. Human Rights Act.

8.   At all times relevant hereto, Defendant Roche-Garland was acting within the scope of his employment with Omni Hotels & Resorts and his authority as General Manager of the Omni Shoreham Hotel, such that Omni Hotels & Resorts is liable for Roche-Garland's activities and conduct toward the Plaintiff.

## II. PERTINENT FACTS

9.   Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

10. Plaintiff was hired as the Director of Sales and Marketing for the Omni Shoreham Hotel in 2013.

11. As Director of Sales and Marketing, Plaintiff oversaw of a team of 22 managers and directors.

12. Under Plaintiff's management, same-location sales and group sales improved considerably.

13. Under Plaintiff's directorship, Omni Hotels & Resorts STR group ranking (a ranking of market share) improved.

14. Under Plaintiff, the Omni Shoreham ranked number 1, among all Omni Hotels, in Revenue Forecast Accuracy in 2017.

15. Also, under Plaintiff, employee satisfaction in the Sales and Marketing division improved each year, and – more importantly – customer satisfaction exceeded corporate targets, with the Omni Shoreham achieving a Medallia score of 9.22 of 10, despite a corporate target of only 9.0.

16. Plaintiff received a cash bonus for having met all of her sales targets in 2017.

17. Despite the objective measures of Plaintiff's success as Director of Sales and Marketing, a glass ceiling capped her progress and her pay, because Defendant Omni Hotels & Resorts had a two-tier payment policy, one for women and one for men.

18. Omni Hotels & Resorts' Chief of Human Resources, Joy Rothschild, has instructed the executive recruitment team to focus on tall, good looking men and to avoid women and minorities in executive positions.

19. At the time of her constructive termination, Plaintiff was the only female executive on the Omni Shoreham's executive committee.

20. The Omni Shoreham encouraged a macho culture, with the men on the Executive Committee, frequently referring to themselves as "brothers," and who frequently found ways to undermine Plaintiff's attempts to improve the hotel's performance.

21. For example, Plaintiff compiled a set of Standard Operating Procedures for Finance, and her unit always passed internal audits with flying colors.  On the other hand, the Finance and other Departments, led by male directors, regularly failed audits, so Plaintiff volunteered to help

the Director of Finance to implement her Standard Operating Procedures across all departments of the hotel. The Finance Director refused to accept Plaintiff's assistance, and then picked fights with female managers in Plaintiff's unit after he was forced to do so.

22. Prior to January 2018, the Omni Shoreham's General Manager had also been a successful woman. When her departure was announced, the "brothers" on the Executive Committee loudly celebrated and gave each other high-fives.

23. Between the time the former female General Manager was removed from the Omni Shoreham, and January 31, 2018, when Defendant Mark Roche-Garland was installed as the General Manager, a series of temporary or acting General Managers cycled through the hotel, which resulted in a leadership vacuum at the hotel.

24. In the summer of 2017, Jon Hunter, then Vice President of Operations for Omni Hotels & Resorts (who was responsible for overseeing divisional operations, including associate and guest experience, financial management, and sales and marketing for the corporation) was in a discussion with another executive who was recounting that Hunter was lucky to have Plaintiff on his team. In response, Hunter remarked, in a derisive manner that Plaintiff was one of the highest paid *women* in the Omni Hotels & Resorts organization.

25. Hunter viewed Plaintiff as the lucky one and considered that he was doing Plaintiff a favor by having made her one of the highest paid *women* in the company.

26. As the Director of Operations, Mr. Hunter would have been responsible for approving Plaintiff's salary and any raises at that time because the General Manager position was open

27. Plaintiff's salary was approximately $165,000 per year, on information and belief, an amount that was significantly less than that of other Sales and Marketing Directors, and which was

less than national averages, which pegged the average salary at similar hotels between $195,000 and $235,000.

28. Because her salary was below the market and (on information and belief) below the Omni Hotels & Resorts average for Sales and Marketing Directors, Plaintiff wanted to negotiate for a raise, but Hunter's comment convinced Plaintiff that she would not get a fair hearing if she made a request at that time.

29. In January 2018, Plaintiff had a meeting with Omni Hotels & Resorts' Regional Director of Sales and Marketing, Paul Buff.  Mr. Buff reassured Plaintiff that Omni appreciated the fact that she had been performing well without a permanent General Manager, since the termination of the female General Manager months earlier.  In a similar vein, the Acting General Manager of the Omni Shoreham at the time, Tom Kermabon, told Plaintiff that he was amazed that she and her team were able to produce the sales they had achieved for the Omni Shoreham in light of its decrepit and depressed condition.

30. Kermabon also told Plaintiff that her performance evaluation, which was due on February 1, 2018 was entirely positive.  That positive evaluation would have entitled Plaintiff to a 3% salary increase.

31. Plaintiff informed Buff that she believed that she merited a salary increase, but that she did not believe that her request would be received well in light of Mr. Hunter's comment about her being one of the "highest paid *women*" among Omni Hotels & Resorts executives.  Mr. Buff responded that Plaintiff's desire for a raise was a "sensitive subject," that he was not sure how to handle at the time.

32. Mr. Buff talked to Mr. Hunter about Plaintiff's concern over his comment that she was one of the "highest paid *women*" among Omni Hotels & Resorts executives, and he told Hunter

that Plaintiff believed that the comment limited her eligibility for increased pay and advancement at Omni Hotels & Resorts.

33. On January 30, 2018, approximately one week after Plaintiff spoke to Buff about the concerns raised by Vice President Hunter's comment, Hunter and the then-Human Resources Director for Omni Hotels & Resorts, Alix Monacelli, called Plaintiff.  During that call, Hunter told Plaintiff that she was a highly respected and valued member of the Omni team, but he denied ever having made the statement about her being a highly paid woman, and he scolded her for allegedly repeating a lie (his statement that Plaintiff was one of the highest paid women in the Omni Hotels & Resorts organization).

34. Before Mr. Buff spoke to Vice President Hunter about Plaintiff's concerns over her pay, in January 2018, Plaintiff sought and received approval to nominate her Sales and Marketing Team, from Tom Kermabon (the acting General Manager), Paul Buff and John Hunter.   But after Plaintiff raised her concern about Mr. Hunter's discriminatory comment, Buff, Hunter and Kermabon all changed their position and refused to support Plaintiff's team (by lobbying on behalf of the team with the relevant decisionmakers) for the award.

35. After Mr. Roche-Garland was installed as General Manager of the Omni Shoreham, on or about January 31, 2018, he was the first level of authority needed to approve any pay increase for Plaintiff.  Consequently Mr. Buff spoke with Roche-Garland about Plaintiff's performance and desire for a pay-increase after Mr. Roche-Garland was installed as General Manager.

36. On March 26, 2018, because she had not received her evaluation (which was due on February 1, 2018 and would have entitled her to a 3% salary increase) and because of the lack of support for her Sales and Marketing Team of the Year nomination, Plaintiff informed Peter Strebel, President of Omni Hotels & Resorts, that she believed that she was being retaliated against  for

having complained about the two-tier executive pay structure, under which she was considered to be one of the highest paid *women* at Omni Hotels & Resorts.

37. Mr. Strebel's response to Plaintiff's concern about retaliation was to inform Plaintiff that Mr. Roche-Garland had a "European" style of management.

38. With no advanced notice that her performance was not meeting expectations, on March 28, 2018, Defendant Roche-Garland (along with Alex Pratt, the Regional Human Resources Director) issued Plaintiff a Performance Improvement Plan.  The Improvement Plan was entirely unwarranted: For example, the acting General Manager prior to Mr. Roche-Garland's arrival told Plaintiff that her evaluation (which was never issued to her) was entirely positive; and Plaintiff achieved all of her sales targets, and received a corresponding cash bonus, for 2017.

39. Instead of placing the blame for the Omni Shoreham's flagging results where that blame belonged – the male executives who had allowed the hotel's condition to deteriorate, resulting in lower customer ratings and fewer bookings in general – Roche-Garland took the opportunity to eliminate the only woman on the Shoreham's executive team.

40. Men on the Shoreham Executive Team whose performance was actually unacceptable were not placed in an improvement plan.  For example, the male Director of Finance was responsible for insuring that each department (including his own Finance department) at the Omni Shoreham passed internal financial audits.  Even though Plaintiff's Sales and Marketing department was the only department to pass audit, with all other departments being rated in a category of failure, Mr. Akinade was never placed on an Improvement Plan.  Similarly, the Omni Shoreham Hotel Manager, Hubert Billie-Morel and Steve Polli, Chief Engineer (both of whom were men) were ultimately responsible for the terrible condition of the hotel, including infestations by rats, mice and insects, and for the poor customer service all of which was responsible for the

precipitous fall in customer satisfaction at the Omni Shoreham (which fell from Trip Advisor's 10th best hotel in Washington in 2013 to 92nd in 2018), but neither men was never placed on an Improvement Plan.

41. The Performance Improvement Plan – drafted by Roche Garland - contains several misrepresentations, beginning with the first sentence, in which Roche Garland falsely claimed that Paul Buff had told Plaintiff her performance was not meeting expectations in a discussion in January 2018.  This was incorrect, as Mr. Buff had no complaints about Plaintiff's performance in January; instead he told her that he valued her contributions at the Omni Shoreham and needed her to stay at the hotel (despite her interest in a move to another property) to help with the transition to a new General Manager.

42. The Performance Improvement Plan imposed impossible demands on Plaintiff in order to show the required "improvement" over a sixty-day period.  To wit, the Improvement Plan required Plaintiff to book more group sales at greater revenue despite the fact that the Omni Shoreham suffered from horrible customer reviews (falling from a trip advisor ranking of 10th best DC hotel to 92nd during Plaintiff's tenure, and to 125th out of 147 hotels as of April 2019), including dissatisfied guests making reports of rat, mice and insect infestations.  Plaintiff had, indeed, already maximized the improvement in bookings and revenues that were reasonably possible given the poor condition of the hotel and the negative customer satisfaction issues that had plagued the hotel for years.

43. As another example, in order to succeed with the Improvement Plan, by June of 2018, Plaintiff was required to have booked an unreasonable amount of revenue from group sales for 2020 and 2021.  For example, By June 10, 2018, Plaintiff was required to have booked revenue of $2,270,653 for the fourth quarter of 2020 and additional $1751,593 in booked revenue for the

fourth quarter of 2021. These targets were not realistic because corporate functions are not typically booked that far in advance.

44. Despite Plaintiff's continued excellent performance during the Performance Improvement Plan period, on June 7, 2018 Defendant Roche-Garland informed Plaintiff that she was going to be deemed to have failed the PIP and terminated on June 11, 2018.

45. Defendant Roche-Garland told Ms. Flynn he would allow her to resign and pay her for two weeks if she resigned before June 10, 2018.

46. Having no choice but to resign, Plaintiff did so on June 9, 2018.

47. Plaintiff was replaced with a male director of sales and marketing – which resulted in an all-male executive committee for the Omni Shoreham Hotel.

48. On information and belief, Plaintiff's male replacement was paid significantly more than Plaintiff was paid when she had the position.

49. On information and belief, Omni Hotels & Resorts currently does not employ any female executives at any of its major U.S. Hotels, with the possible exception of one or two locations.

## COUNT I: DISCRIMINATION BASED ON SEX IN RATE OF PAY IN VIOLATION OF DC HUMAN RIGHTS ACT

50. Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

51. Defendant Omni Hotels & Resorts violated the D.C. Human Rights Act, D.C. Code § 2-1402.11 (Prohibiting Discrimination), when it paid her significantly below what Omni Hotels & Resorts paid men who held the Sales and Marketing Director position at comparable hotels.

52. As a result of Defendant Omni Hotels & Resorts' unlawful conduct, Plaintiff suffered damages including lost income and emotional pain and suffering damages, and Plaintiff has incurred attorney's fees and costs.

53. Defendant Omni Hotels & Resorts willfully and knowingly paid Plaintiff less than her male counterparts in full knowledge that doing so was a violation of the D.C. Human Rights Act, such that Defendant Omni Hotels & Resorts should be required to pay punitive damages in an amount to be determined by a jury.

## COUNT II: DISCRIMINATION BASED ON SEX IN RATE OF PAY IN VIOLATION OF EQUAL PAY ACT

54. Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

55. Defendant Omni Hotels & Resorts paid Plaintiff less than her male counterparts who held the position of Director of Sales and Marketing in other Omni Hotels, who performed the same job (equal work on jobs the performance of which requires equal skill, effort, and responsibility), and which are performed under similar working conditions.

56. Defendant Omni Hotels & Resorts violated the Equal Pay Act, when it paid her significantly below what Omni Hotels & Resorts paid men who held the Sales and Marketing Director position at comparable hotels.

57. As a result of Defendant Omni Hotels & Resorts' unlawful conduct, Plaintiff suffered damages including lost income, and Plaintiff has incurred attorney's fees and costs.

58. Defendant Omni Hotels & Resorts willfully and knowingly paid Plaintiff less than her male counterparts in full knowledge that doing so was a violation of the Equal Pay Act such that Defendant Omni Hotels & Resorts should be required to pay liquidated damages in an amount permitted under the law.

## COUNT III: DISCRIMINATION BASED ON SEX IN CONSTRUCTIVE TERMINATION

59. Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

60. Defendants Omni Hotels & Resorts and Roche-Garland constructively terminated Plaintiff because they told her that she would be terminated if she did not resign.

61. Defendants Omni Hotels & Resorts and Roche-Garland violated the D.C. Human Rights Act, D.C. Code § 2-1402.11 (Prohibiting Discrimination), when they constructively terminated Plaintiff.

62. As a result of Defendants' unlawful conduct, Plaintiff suffered damages including lost income and emotional pain and suffering damages, and Plaintiff has incurred attorney's fees and costs.

63. Defendants Omni Hotels & Resorts and Roche-Garland willfully and knowingly constructively terminated Plaintiff in full knowledge that doing so was a violation of the D.C. Human Rights Act, such that both Defendants should be required to pay punitive damages in an amount to be determined by a jury.

## COUNT IV: RETALIATION IN CONSTRUCTIVE TERMINATION UNDER DC HUMAN RIGHTS ACT

64. Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

65. Defendants Omni Hotels & Resorts and Roche-Garland constructively terminated Plaintiff because they told her that she would be terminated if she did not resign.

66. Defendants Omni Hotels & Resorts and Roche-Garland violated the D.C. Human Rights Act, D.C. Code § 2-1402.61 (Prohibiting Retaliation), when they constructively terminated

Plaintiff in retaliation for: (1) Plaintiff's complaint to Paul Buff that she believed that Defendant Omni violated the D.C. Human Rights Act by paying her less than similarly situated male colleagues and maintaining a two-tier salary structure; and/or (2) her complaint to Mr. Strebel that she was being retaliated against because of her protected complaint to Mr. Buff.

67. As a result of Defendants' unlawful conduct, Plaintiff suffered damages including lost income and emotional pain and suffering damages, and Plaintiff has incurred attorney's fees and costs.

68. Defendants Omni Hotels & Resorts and Roche-Garland willfully and knowingly constructively terminated Plaintiff in full knowledge that doing so was a violation of the D.C. Human Rights Act, such that both Defendants should be required to pay punitive damages in an amount to be determined by a jury.

## COUNT V: RETALIATION UNDER EQUAL PAY ACT IN CONSTRUCTIVE TERMINATION

69. Plaintiff repeats and reavers each of the above paragraphs as if they were specifically restated here.

70. Defendant Omni Hotels & Resorts constructively terminated Plaintiff because Defendant Omni Hotels & Resorts (through Mr. Roche-Garland) told Plaintiff that she would be terminated if she did not resign.

71. Defendant Omni Hotels & Resorts violated 29 U.S.C. 215(a)(3) (which prohibits retaliation under the Equal Pay Act)  when it constructively terminated Plaintiff in retaliation for: (1) Plaintiff's complaint to Paul Buff that she believed that Defendant Omni violated the law by paying her less than similarly situated male colleagues who perform similar work under similar circumstances in other Omni Hotels, and maintaining a two-tier salary structure; and/or (2) her

complaint to Mr. Strebel that she was being retaliated against because of her protected complaint to Mr. Buff.

72. As a result of Defendants' unlawful conduct, Plaintiff suffered damages including lost income, and Plaintiff has incurred attorney's fees and costs.

73. Defendants Omni Hotels & Resorts and Roche-Garland willfully and knowingly constructively terminated Plaintiff in full knowledge that doing so was a violation of law, such that both Defendants should be required to pay liquidated damages in an amount permitted by the law.

## RELIEF REQUESTED

74.    WHEREFORE, Plaintiff prays that this Court:

75. Declare that the employment practices complained of in this Complaint are unlawful in that they violate the Equal Pay Act and the District of Columbia Human Rights Act;

76. Order the Defendants to make the Plaintiff whole by paying Plaintiff: (1) monetary damages for lost income, as proved at trial; (2) compensatory damages in an amount to be determined at trial; (3) liquidated damages; and (4) punitive damages to be determined at trial;

77. Order the Defendants to pay the Plaintiff's attorneys fees and other costs of litigation; and

78. Grant such other and further relief to the Plaintiff as the Court deems just and proper.

## JURY DEMAND

79. Plaintiff demands a trial by jury on all counts in this Complaint.

Respectfully Submitted,

Leslie D. Alderman III (DC Bar No. 477750)
ALDERMAN, DEVORSETZ & HORA, PLLC
1025 Connecticut Ave., NW, Suite 615
Washington, DC 20036
Tel: 202-969-8220
Fax: 202-969-8224
lalderman@adhlawfirm.com
Attorney for Plaintiff