# **EXHIBIT B**

# **Program Document**

**OMNI HOTELS & RESORTS AMENDED AND RESTATED**
**ALTERNATIVE DISPUTE RESOLUTION PROGRAM**

### A BETTER WAY TO RESOLVE DISPUTES

This Amended and Restated Dispute Resolution Program amends and restates in its entirety the dispute resolution program adopted by the Company on April 13, 2007, and as updated from time to time. In recognition of the fact that, from time to time, differences may arise between the Company and its associates (each, an "Associate") before, during, or after, each Associate's employment, and in recognition of the fact that resolution of differences in the courts is rarely time or cost effective for either party, the Company has instituted this Amended and Restated Alternative Dispute Resolution Program (the "Program"). In furtherance of the Program, the Company and each of its Associates have entered into a Mutual Agreement to Arbitrate Claims on an Individual Basis ("Agreement") as an efficient, impartial and cost-effective dispute resolution procedure.

1. **Mutual Agreement to Resolve Disputes Through Arbitration**

This Program is mutual, covering all claims that each Associate may have against the Company or that the Company may have against an Associate, except as explicitly stated below. All references to the "Company" in this Agreement shall include Omni Hotels Management Corporation and Allegiance Hospitality Company, L.L.C. and all of their respective related, parent, subsidiary, and affiliated entities, including all former, current and future officers, directors and employees of all such entities, all benefit plans and their fiduciaries and administrators, and all successors and assigns of these individuals or entities. All references to "Associate" include each associate and his/her spouse, representative, successor, or any person or entity making a claim by, through, or on behalf of an Associate.

2. **Claims Covered by This Agreement**

Except as otherwise provided in this Program, the Company and the Associate consent to the resolution by arbitration of all claims or controversies involving or in any way concerning Associate's application with, employment with, or termination from the Company. The Company and the Associate further agree that arbitration shall proceed solely on an individual basis without the right for any claims to be arbitrated as a class, consolidated, collective or representative action. Claims may not be joined or consolidated unless agreed to by all parties in writing. Nothing within this Agreement constitutes a waiver or prohibition of an Associate's right to file a charge or complaint with the Equal Employment Opportunity Commission, National Labor Relations Board or other state or federal agency of a similar nature.

The claims covered by this Program include, but are not limited to, claims for standard wages, overtime wages, benefits, equal pay, or other compensation due; claims for breach of any contract, express or implied; personal injury or employment related tort claims (including claims for negligence, gross negligence, intentional harm); claims for discrimination, harassment or retaliation of any kind - including without limitation harassment or discrimination based on gender, race, nationality, ethnicity, disability, religion, age or any other status protected under applicable law; and claims for violation of any federal or state statute or common law or regulation.

3. **Claims Not Covered by This Agreement**

The Program does not apply to or cover claims for workers' compensation or unemployment compensation benefits; any criminal complaint or related criminal proceeding; or claims based upon an associate pension or benefit plan that contains an arbitration or other non-judicial resolution procedure, in which case the provisions of that plan shall apply. Also, this Program will not apply to any claims that are expressly covered by a collective bargaining agreement, in which case the terms, conditions and procedures of that collective bargaining agreement will control. Nothing in this Program will preclude the parties from agreeing to resolve claims that are otherwise not covered by this Agreement pursuant to the provisions of this Agreement.

4. **Governing Law and Damages Recoverable under the Program**

    4.1. **Interstate Commerce and the Federal Arbitration Act**

Associate acknowledges that the Company is engaged in transactions involving interstate commerce. Except as provided elsewhere in this Program, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this Program.

    4.2. **Applicable Law for Resolving Claims**

All arbitrations covered by this Program shall be adjudicated in accordance with the applicable state or federal law which would be applied by a United States District Court sitting in the city where the dispute arose or, if the dispute involves a dispute over a contract that designates jurisdiction or venue, the location designated by the contract at issue.

    4.3. **Associate Retains Right and Obligation to Satisfy Federal and State Conditions Precedent on Employment Related Claims**

This Agreement does not alter Associate's obligation, nor affect Associate's right, to satisfy the conditions precedent to bringing a claim under Title VII of the Civil Rights Act of 1964, the ADEA, the Americans with Disabilities Act or the equivalent State or Municipal law.

    4.4. **Damages Recoverable**

The arbitrator will have the authority to award the range of damages permitted by the state or federal statutory law or common law, code or regulation that is the subject of the claim.

    4.5. **Statute of Limitations**

Failure to request arbitration within the applicable federal or state statutory or common law time limit for the claim the Associate pursues under this Program shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute covered by this Program. Associate must also comply with the applicable deadlines for filing a charge with any federal, state or local agency (such as the Equal Employment Opportunity Commission or other comparable State or Municipal commission); and filing such a charge is a prerequisite to filing a claim under this arbitration program for any claim in which the applicable law requires a charge to be filed with a federal, state or local commission.

5. **Waiver of Right to Jury**

By entering into the Agreement under this Program, the Company and Associate each knowingly and voluntarily waive any and all rights they have under law to a trial before a jury or before a judge in a court of law.

6. **Initiation of the Arbitration Process**

To initiate the arbitration process under this Program, the aggrieved party must file a written claim. Claims must be filed with the Judicial Arbitration Mediation Services ("JAMS") 214-720-6010. The notice must state the nature of the Claim asserted, the date of the incident, the facts and circumstances upon which the claim is based, and the relief or remedy sought. Notice must be sent by certified or registered mail (return receipt requested) and, if received, will be effective upon mailing. Written notice to the Company should also be made to the Director of Risk Management, 4001 Maple Avenue, Suite 500, Dallas, Texas 75219 or, if different, at the then-current corporate office of the Company. Notice to the Associate will be sent to the last address recorded in the personnel file maintained by the Company.

7. **Procedures For Selecting an Arbitrator**

Arbitrations pursuant to this Program shall be conducted in accordance with the procedures set forth in JAMS Rules & Procedure for employment claims (available from JAMS, at www.jamsadr.com, or from the Company upon request), except where those Rules conflict with this Program, in which case the terms of the Program shall govern. The parties shall use one arbitrator only. The arbitrator must be licensed to practice law and must be actively engaged and experienced in the practice area that is the subject of the dispute.

Upon receiving the first list of proposed arbitrators, the parties will strike those arbitrators they do not want to hear the dispute and JAMS can choose an arbitrator from those on the list not stricken by one of the parties. In the event the parties cannot agree to an arbitrator from the first list presented by JAMS, the parties will request a second list from which to make their strikes and attempt to choose an arbitrator. If no arbitrator is selected after the parties have made their strikes on the second list, JAMS shall appoint an arbitrator.

If, after arbitration commences, an arbitrator cannot serve for whatever reason, then JAMS will present the parties a new list from which to make their strikes so that a replacement can be chosen and the same procedure as detailed in the preceding paragraph shall be followed to select the replacement.

8. **Representation**

Each party may be represented by an attorney at any arbitration covered by this Program.

9. **Fees and Costs**

The party requesting the arbitration shall pay to JAMS a filing fee in the amount of the filing fee for the United States District Court in which the Associate resides when the claim is filed. The Company shall pay for the remainder of the JAMS filing fee. All other arbitration costs shall be borne by the Company. Except as provided below, each party will pay for each party's own costs (including without limitation expert witness fees) and attorneys' fees, if any. However, the arbitrator may, in his or her discretion, permit the prevailing party to recover fees and costs only to the extent permitted by applicable law. If Associate cannot share the fees described above for financial reasons, Associate can request that Company pay the remainder of the arbitration costs to JAMS.

10. **Discovery**

The parties will be entitled to engage in discovery in the form of requests for documents, interrogatories, requests for admission, physical and/or mental examinations and depositions under the standards provided by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Each side will be limited to no more than four depositions and an aggregate of 40 discovery requests of any kind, including sub-parts, except as mutually agreed to by the parties or as ordered by the arbitrator.

At a mutually agreeable date, the parties will exchange lists of experts who will testify at arbitration. Each side may depose the other side's experts, and obtain the documents they reviewed and relied upon, and these depositions will not be charged to the parties' aggregate limit on discovery requests or the four deposition limit. Any disputes concerning discovery shall be resolved by the arbitrator, with a presumption against increasing the aggregate limit of requests; additional discovery requests and/or depositions shall be granted only upon a showing of good cause.

11. **Dispositive Motions**

The arbitrator will have the authority to consider and grant motions dispositive of all or part of any claim, using the standards governing such motions under the Federal Rules of Civil Procedure. This includes motions for summary judgment, which, if granted, allow a party, prior to the arbitration, to either (1) have all or part of the other party's claim dismissed or (2) obtain an affirmative finding on a claim brought by that party.

12. **Venue**

For all arbitration proceedings, regardless of the location of the dispute, the parties will utilize only arbitrators from a JAMS panel of arbitrators and will select from a panel of arbitrators from either the Dallas, Texas JAMS office, the JAMS office in the city where the dispute arose, or as otherwise agreed by the parties.  The Company will pay for the travel expenses associated with having the arbitrator travel to the arbitration. Venue for the location of each arbitration proceeding will be established on a regional basis and will depend on the geographic location of the location where the associate worked or (when applicable) applied for employment.

The arbitration will be conducted at a site mutually agreed upon by the parties after due consideration of issues such as convenience to the parties and witnesses and costs of the facilities.  If the parties cannot agree on such site, JAMS shall designate a location after giving due consideration of issues such as convenience to the parties and witnesses and costs of the facilities.

13. **Exclusive Remedy**

For claims covered by this Program, arbitration on an individual basis is the parties' exclusive remedy.  The arbitrator's authority to resolve claims and make written awards is limited to claims between the Company and the Associate only.  Only a court can interpret the scope and application of this class, consolidated, collective or representative action waiver.  In the event that the waiver is found to be unenforceable or unlawful, the only forum for such an action is the federal or state court in that jurisdiction.  Other than the waiver, only the arbitrator can interpret the scope and application of the remainder of this Program and the Agreement.  The arbitrator shall have no power to vary or ignore the terms of this Program or the Agreement and shall be bound by controlling law and the Federal Rules of Evidence.  The arbitrator is bound to follow the applicable federal or state statutory or common law in rendering a decision and, when appropriate, devising a remedy on the arbitrated claim.

The arbitrator shall render an award and a written opinion in the form typically rendered in labor arbitrations. The opinion should be issued to both parties within 30 days from the later of the date on which the arbitration hearing concludes or the date on which post-hearing briefs (if applicable) are received.  The decision of an arbitrator on any claims submitted to arbitration shall be in writing, setting forth the findings of fact and law and the reasons supporting the decision and shall be final and binding upon the parties, except as allowed by the Federal Arbitration Act.

15. **Confidentiality**

The arbitration award, if any, is confidential and should not be disclosed to non-parties, except as necessary in connection with judicial enforcement of the award or unless otherwise agreed to by the parties or required by law. The arbitrator may issue orders as necessary to protect the confidentiality of trade secrets or other proprietary business information of the parties.

16. **Miscellaneous Terms**

   16.1. **Consideration**

   In addition to any other consideration that may exist for the agreement to arbitrate on an individual basis, each party's mutual promise to resolve claims and controversies by arbitration on an individual basis in accordance with the provisions of this Program and the Agreement between the parties constitutes consideration for the Agreement. Likewise, Associate acknowledges that, his/her continued employment with the Company after receiving notice of this Program (and any amendments to the Program) will also constitute consideration for the Agreement (and any modifications to the Agreement) and such continued employment will demonstrate acceptance of the provisions of this Program.

16.2. **Not an Employment Agreement**

The agreement to arbitrate (as set forth in the Program and the Agreement) is not, and shall not be construed to create, any contract of employment, express or implied, nor shall this Program or the Agreement be construed in any way to change the status of the Associate from at-will status.

16.3. **Term, Modification and Revocation -**

The Agreement and the Program shall survive the employer-employee relationship between the Company and the Associate and shall apply to any covered claim whether it arises or is asserted before, during or after termination of the Associate's employment with the Company or the expiration of any benefit plan. No employee of the Company can orally amend, modify or change the terms of this Program. This Program can be modified or revoked in writing only by the Company's corporate general counsel or vice president of human resources. Such modification or revocation will only take place with 14 days' notice to the Associates. Further, any modification or revocation will not apply to any claim that has already been filed under this Program or any charge that has been filed with any federal, state or local agency to satisfy the federal and/or state conditions precedent for employment-related claims. The parties specifically agree that the Company will not be considered to have knowledge of any actual, potential, or prospective claim unless such claim has been filed under this Program or a charge has been filed to satisfy the federal and/or state conditions precedent for employment-related claims.

16.4. **Severability**

If any provision of this Program or the Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Program or Agreement.

16.5. **Sole and Entire Agreement**

This Program document and the Agreement constitute the complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration provision contained in any pension plan, benefit plan, or collective bargaining agreement. This Program document and the Agreement supersede any prior or contemporaneous oral or written agreement or understanding on the subject.

16.6. **Effective Date**

This Amended and Restated Dispute Resolution Program is effective as of May 16, 2016.